**FILED**
DEC 2 0 2007
Dec 20 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Nalco Company, a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>Enviro Tech Chemical Services, Inc., a California corporation,<br><br>    Defendant. | Case No.: 07CV6293<br><br>Judge Hart<br>Magistrate Cox |
| Enviro Tech Chemical Services, Inc., a California corporation,<br><br>    Counterclaimant,<br><br>    v.<br><br>Nalco Company, a Delaware corporation,<br><br>    Counterdefendant. | |

### DEFENDANT ENVIRO TECH CHEMICAL SERVICES, INC.'S ANSWER TO COMPLAINT; COUNTERCLAIMS FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

Defendant Enviro Tech Chemical Services, Inc. ("answering defendant" or "Enviro Tech") answers the complaint of Nalco Company ("plaintiff") for itself and no others as follows:

### THE PARTIES

1. Answering defendant has no information or belief sufficient to enable it to answer the allegations of paragraph 1 and, basing its denial on that ground, denies generally and specifically each and every allegation.

2. Answering defendant admits that it is a corporation organized and existing under

the laws of the State of California, with its principal place of business at 500 Winmoore Way, Modesto, California, 95358.

## JURISDICTION AND VENUE

3. Answering defendant admits that plaintiff alleges a claim for patent infringement, which arises under Title 35 of the Untied States Code, and that this Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1331 and 1338(a). Answering defendant denies generally and specifically all other allegations of paragraph 3.

4. Answering defendant denies generally and specifically each and every allegation of paragraph 4.

## FACTS

5. Answering defendant has no information or belief sufficient to enable it to answer the allegations of paragraph 5 and, basing its denial on that ground, denies generally and specifically each and every allegation.

6. Answering defendant has no information or belief sufficient to enable it to answer the allegations of paragraph 6 and, basing its denial on that ground, denies generally and specifically each and every allegation.

7. Answering defendant denies generally and specifically each and every allegation of paragraph 7.

8. Answering defendant denies generally and specifically each and every allegation of paragraph 8.

9. Answering defendant denies generally and specifically each and every allegation of paragraph 9.

10. Answering defendant denies generally and specifically each and every allegation of paragraph 10.

///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, answering defendant alleges:

11.　The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, answering defendant alleges:

12.　United States patent nos. 5683654, 6015782, 6037318, 6270722, and 6669904 (collectively "the Patents") are invalid for lack of novelty under 35 U.S.C. section 102.

### THIRD AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, answering defendant alleges:

13.　The Patents are invalid for obviousness under 35 U.S.C. section 103.

### FOURTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, answering defendant alleges:

14.　The Patents are invalid for failure to satisfy the requirements of 35 U.S.C. section 112.

### FIFTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, answering defendant alleges:

15.　The Patents are invalid for failure to satisfy the requirements of 35 U.S.C. sections 101, et seq.

### SIXTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, answering defendant alleges:

16.　Plaintiff's claims are barred because the Patents are invalid or unenforceable because answering defendant is informed and believes that plaintiff and/or its predecessors and/or the inventors breached their duty of candor to the United States Patent and Trademark

Office, committed inequitable conduct, and/or committed fraud on the Patent and Trademark Office.

## SEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, answering defendant alleges:

17. Answering defendant does not infringe, and has not infringed (either directly, contributorily, or by inducement), any valid claim of the Patents.

## EIGHTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, answering defendant alleges:

18. Plaintiff has failed to state a claim upon which it can recover attorneys' fees, treble damages, or costs.

## NINTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, answering defendant alleges:

19. By reason of plaintiff's conduct, plaintiff has waived its right to assert each and all of the claims alleged in the complaint.

## TENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, answering defendant alleges:

20. By reason of plaintiff's conduct, plaintiff is estopped to assert each and all of the claims alleged in the complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to all claims for relief, answering defendant alleges:

21. By reason of plaintiff's conduct, plaintiff is barred from obtaining the relief sought in the complaint, or any other relief whatsoever, by virtue of the doctrine of laches.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Counterclaimant Enviro Tech Chemical Services, Inc. ("Enviro Tech") alleges as follows:

22. This is a counterclaim for declaratory judgment which arises from an actual and

existing controversy between counterclaimant Enviro Tech and counterdefendant Nalco Company ("Nalco"). This Court has jurisdiction under 28 U.S.C. sections 2201 and 2202, and under 28 U.S.C. section 1338(a).

23. Enviro Tech is a corporation organized and existing under the laws of the State of California and has a principal place of business in Modesto, California.

24. Nalco asserts in its complaint that it is a corporation organized under the laws of Delaware and has a principal place of business in Naperville, Illinois.

25. Nalco asserts in its complaint that it is the owner of United States patent nos. 5,683,654; 6,015,782; 6,037,318; 6,270,722; and 6,669,904 (collectively "the Patents").

26. Nalco has charged Enviro Tech with infringement of the Patents.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Noninfringement against Nalco)

27. Enviro Tech repeats and incorporates by reference the allegations of paragraphs 1 through 26 above as if fully set forth herein.

28. Enviro Tech disputes Nalco's allegations of infringement and denies that its products or activities infringe any of the claims of the Patents. Enviro Tech does not literally infringe the Patents nor does it infringe the Patents under the doctrine of equivalents. Enviro Tech is not engaging in contributory infringement nor is it inducing infringement of the Patents.

29. By virtue of the allegations of Nalco and Enviro Tech's denial of those allegations, an actual controversy has arisen and now exists between Enviro Tech and Nalco as to whether Enviro Tech infringes the Patents.

30. Enviro Tech requests a judicial determination that it does not infringe the Patents. Such a declaratory judgment is necessary and appropriate at this time in order to determine the rights and legal relations of the parties, pursuant to 28 U.S.C. section 2201.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity against Nalco)

31. Enviro Tech repeats and incorporates by reference the allegations of paragraphs 1 through 30 above as if fully set forth herein.

32. The Patents are invalid for failure to satisfy the requirements of 35 U.S.C. sections 101 *et seq.*, including, without limitation, sections 102, 103, and 112, in that, among others, the patent discloses an invention that is not novel, is obvious to a person having ordinary skill in the art, and fails to satisfy the requirements of section 112.

33. Enviro Tech is informed and believes, and based thereon alleges, that Nalco disputes that the Patents are invalid.

34. By virtue of the above facts, an actual controversy has arisen and now exists between Enviro Tech and Nalco as to whether the Patents are invalid.

35. Enviro Tech requests a judicial determination that the Patents are invalid. Such a declaratory judgment is necessary and appropriate at this time in order to determine the rights and legal relations of the parties, pursuant to 28 U.S.C. section 2201.


WHEREFORE, Enviro Tech prays for judgment as follows:

1. a declaration that Enviro Tech does not infringe the Patents;

2. a declaration that the Patents are invalid and/or unenforceable;

3. that Nalco take nothing from Enviro Tech by reason of its complaint;

4. that judgment be entered in favor of Enviro Tech on the complaint and on the counterclaims;

5. that Nalco be denied injunctive relief;

6. that Enviro Tech recover its reasonable costs and attorneys' fees; and

7.     for such other and further relief as the Court deems just and proper.

Dated: December 19, 2007          Respectfully submitted,

*Audrey A. Millemann*
Audrey A. Millemann (California State Bar #124954)
WEINTRAUB GENSHLEA CHEDIAK
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, California 95814
916/558-6000 (phone)
916/446-1611 (fax)

Attorneys for Defendant and Counterclaimaint
Enviro Tech Chemical Services, Inc.

## DEMAND FOR JURY TRIAL

Answering defendant and counterclaimant Enviro Tech Chemical Services, Inc. hereby demands a trial by jury.

Dated: December 19, 2007                Respectfully submitted,

*[signature]*
Audrey A. Millemann (California State Bar #124954)
WEINTRAUB GENSHLEA CHEDIAK
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, California  95814
916/558-6000 (phone)
916/446-1611 (fax)

Attorneys for Defendant and Counterclaimaint
Enviro Tech Chemical Services, Inc.