# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NALCO COMPANY, a Delaware corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Enviro Tech Chemical Services, Inc., a ) <br> California corporation, ) <br> ) <br> Defendant. ) <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) <br> ) <br> Enviro Tech Chemical Services, Inc., a ) <br> California corporation, ) <br> ) <br> Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> Nalco Company, a Delaware corporation, ) <br> ) <br> Counterdefendant. ) <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | Case No. 07CV6293 <br><br> Judge Hart <br><br> Magistrate Cox |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff, Nalco Company ("Plaintiff"), by and through its attorneys, Seyfarth Shaw LLP, for its answer to Enviro Tech Chemical Services, Inc.'s ("Defendant") Counterclaims, states as follows:

### COUNTERCLAIM ¶22:[1]

This is a counterclaim for declaratory judgment which arises from an actual and existing controversy between counterclaimant Enviro Tech and counterdefendant Nalco Company ("Nalco"). This Court has jurisdiction under 28 U.S.C. sections 2201 and 2202, and under 28 U.S.C. section 1338(a).

---

[1] Plaintiff is using the numbering chosen by Defendant in its Counterclaim to avoid inconsistencies.

CH1 11421458.1

**ANSWER:**

Plaintiff admits the allegations of Paragraph 22.

**COUNTERCLAIM ¶23:**

Enviro Tech is a corporation organized and existing under the laws of the State of California and has a principal place of business in Modesto, California.

**ANSWER:**

Plaintiff lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 23.

**COUNTERCLAIM ¶24:**

Nalco asserts in its complaint that it is a corporation organized under the laws of Delaware and has a principal place of business in Naperville, Illinois.

**ANSWER:**

Plaintiff admits the allegations of Paragraph 24.

**COUNTERCLAIM ¶25:**

Nalco asserts in its complaint that it is the owner of United States patent nos. 5,683,654; 6,015,782; 6,037,318; 6,270,722; and 6,669,904 (collectively "the Patents").

**ANSWER:**

Plaintiff admits the allegations of Paragraph 25.

**COUNTERCLAIM ¶26:**

Nalco has charged Enviro Tech with infringement of the Patents.

**ANSWER:**

Plaintiff admits the allegations of Paragraph 26.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Noninfringement against Nalco)**

**COUNTERCLAIM ¶27:**

Enviro Tech repeats and incorporates by reference the allegations of paragraphs 1 through 26 above as if fully set forth herein.

**ANSWER:**

Plaintiff restates and incorporates its Answers to Paragraphs 22-26 as its response to Paragraph 27.[2]

**COUNTERCLAIM ¶28:**

Enviro Tech disputes Nalco's allegations of infringement and denies that its products or activities infringe any of the claims of the Patents. Enviro Tech does not literally infringe the Patents nor does it infringe the Patents under the doctrine of equivalents. Enviro Tech is not engaging in contributory infringement nor is it inducing infringement of the Patents.

**ANSWER:**

Plaintiff admits the allegations of the first sentence of Paragraph 28. Plaintiff denies the remaining allegations of Paragraph 28.

**COUNTERCLAIM ¶29:**

By virtue of the allegations of Nalco and Enviro Tech's denial of those allegations, an actual controversy has arisen and now exists between Enviro Tech and Nalco as to whether Enviro Tech infringes the Patents.

**ANSWER:**

Plaintiff admits that an actual controversy exists between Plaintiff and Defendant. Plaintiff denies the remaining allegations of Paragraph 29.

---

[2] Plaintiff notes that Paragraphs 1-21 are directed to Defendant's Answers to Plaintiff's Complaint and Defendant's Affirmative Defenses, and therefore, Plaintiff is not repeating these statements here as they would be duplicative.

**COUNTERCLAIM ¶30:**

Enviro Tech requests a judicial determination that it does not infringe the Patents. Such a declaratory judgment is necessary and appropriate at this time in order to determine the rights and legal relations of the parties, pursuant to 28 U.S.C. section 2201.

**ANSWER:**

Plaintiff admits that Defendant purports to request a judicial determination that Defendant does not infringe the Patents. Plaintiff denies the remaining allegations of Paragraph 30.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity against Nalco)

**COUNTERCLAIM ¶31:**

Enviro Tech repeats and incorporates by reference the allegations of paragraphs 1 through 30 above as if fully set forth herein.

**ANSWER:**

Plaintiff restates and incorporates its Answers to Paragraphs 22-30 as its response to Paragraph 31.[3]

**COUNTERCLAIM ¶32:**

The Patents are invalid for failure to satisfy the requirements of 35 U.S.C. sections 101 *et seq.*, including, without limitation, sections 102, 103, and 112, in that, among others, the patent discloses an invention that is not novel, is obvious to a person having ordinary skill in the art, and fails to satisfy the requirements of section 112.

**ANSWER:**

Plaintiff denies the allegations of Paragraph 32.

**COUNTERCLAIM ¶33:**

Enviro Tech is informed and believes, and based thereon alleges, that Nalco disputes that the Patents are invalid.

---

[3] Plaintiff notes that Paragraphs 1-21 are directed to Defendant's Answers to Plaintiff's Complaint and Defendant's Affirmative Defenses, and therefore, Plaintiff is not repeating these statements here as they would be duplicative.

**ANSWER:**

Plaintiff admits that it believes the Patents are valid. Plaintiff denies the remaining allegations of Paragraph 33.

**COUNTERCLAIM ¶34:**

By virtue of the above facts, an actual controversy has arisen and now exists between Enviro Tech and Nalco as to whether the Patents are invalid.

**ANSWER:**

Plaintiff admits that an actual controversy exists between Plaintiff and Defendant. Plaintiff denies the remaining allegations of Paragraph 34.

**COUNTERCLAIM ¶35:**

Enviro Tech requests a judicial determination that the Patents are invalid. Such a declaratory judgment is necessary and appropriate at this time in order to determine the rights and legal relations of the parties, pursuant to 28 U.S.C. section 2201.

**ANSWER:**

Plaintiff admits that Defendant purports to request a judicial determination that the Patents are invalid. Plaintiff denies the remaining allegations of Paragraph 35.

**DATED: February 26, 2008**                    Respectfully submitted,

                                                NALCO COMPANY

                                                By:  /s/      Joseph H. Herron
                                                        One of Its Attorneys

Alan L. Unikel
Joseph H. Herron
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

CH1 11421458.1

## CERTIFICATE OF SERVICE

Joseph H. Herron, an attorney, certifies that he caused a true and correct copy of the foregoing PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS to be served to the following, by electronically filing a copy of same on the 26th day of February, 2008, with the United States District Court for the Northern District of Illinois filing system:

>Audrey A. Millemann, Esq.
>Weintraub Genshlea Chediak
>Law Corporation
>400 Capitol Mall, 11th Floor
>Sacramento, California  95814

>Suzanne M. Wallman
>McDermott Will & Emery
>227 West Monroe Street
>Chicago, IL 60606-5096
>(312) 372-2000
>Fax: (312) 984-7700

>/s/    Joseph H. Herron

CH1 11421458.1