UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Nalco Company, a Delaware corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>Enviro Tech Chemical Services, Inc., a California corporation, )<br><br>Defendant. ) | Case No.:  07CV6293<br><br>Judge Hart<br>Magistrate Cox<br><br>Status Hearing: April 16, 2008<br>11:00 a.m. |
| Enviro Tech Chemical Services, Inc., a California corporation, )<br><br>Counterclaimant, )<br><br>v. )<br><br>Nalco Company, a Delaware corporation, )<br><br>Counterdefendant. ) | **JOINT STATUS REPORT** |

This status report is submitted jointly by the parties pursuant to the Court's order of January 16, 2008 and in advance of the status hearing set for April 16, 2008 at 11:00 a.m.

I.    **Discovery**

In its January 16, 2008 Order, this Court held that written discovery be

completed by April 30, 2008.  At the status hearing on that date, the Court stated that written discovery should be completed before depositions have begun.  The parties have propounded written discovery consistent with the Court's direction.  The parties intend to take depositions of the parties and of third parties after written discovery has been completed.

Based on the current status of discovery, as discussed below, the parties believe that further time will be needed to complete written discovery.  The parties respectfully request that the Court extend the cut-off date for written discovery by 60 days, through June 30, 2008.

## A.    Plaintiff Nalco Company's Discovery

Plaintiff served defendant with interrogatories, document requests, and requests for admissions on March 27, 2008.  Defendant's responses are due on April 28, 2008.  Defendant expects to timely serve Plaintiff with its written responses by April 28, but anticipates that it will need some additional time in which to produce documents.

Plaintiff has not served discovery requests on any third parties.  However, Plaintiff reserves the right to do so after Plaintiff has a chance to review the documents it receives from Defendant.

## B.    Defendant Enviro Tech Chemical Services' Discovery

Defendant served Plaintiff with interrogatories and document requests on February 8, 2008.  Plaintiff served written responses to the interrogatories and document request on March 10, 2008.   Plaintiff is in the process of completing the preparation and production of documents and expects to have the documents produced by May 9, 2008.

Defendant served requests for admissions on Plaintiff on March 27, 2008. Plaintiff's responses are due on April 29, 2008.

On March 17, 2008, Defendant served a third party subpoena for documents on Albemarle Corporation, a company headquartered in Richmond, Virginia with research facilities in Baton Rouge, Louisiana. Defendant's counsel has been in contact with Albemarle's outside counsel, Joel W. Mohrman of McGlinchey Stafford in Houston, Texas, since March 18, 2008. Mr. Mohrman has asserted a number of objections to the subpoena, and Defendant's counsel has had several discussions with Mr. Mohrman. Defendant's counsel has agreed to modify and narrow the subpoena in order to address Albemarle's objections. Defendant's counsel has twice extended the response date for the subpoena, from March 28 to April 4, 2008 and from April 4 to April 18, 2008. Defendant's counsel is currently awaiting Mr. Mohrman's response to the modifications to the subpoena. Accordingly, it is not clear whether Albemarle will produce its responsive documents by April 30, 2008.

At this time, Defendant does not intend to obtain written discovery from any other third parties. However, Defendant reserves the right to do so after Defendant has a chance to review the documents it receives from Plaintiff.

## C.    Protective Order

The parties have agreed to a stipulated protective order which was filed with a joint motion on April 2, 2008. In response to a request from the Court through the Court's clerk, the parties revised the stipulated protective order to expressly require permission from the Court before confidential documents could be filed under seal. The revised protective order was filed on April 9, 2008. On that date, the Court ordered that the joint motion for the stipulated

protective order be reset to the status hearing on April 16, 2008 at 11:00 a.m. In order to avoid any possible delay in Plaintiff's document production, Defendant offered to be bound by Plaintiff's draft protective order in the interim.

## II.    Other Matters

### A.    Narrowing of Issues

Nalco has sued Enviro Tech for infringement of five patents.  In an attempt to narrow the issues and remove issues that are not actually in dispute, in early January 2008, Enviro Tech's counsel informed Nalco's counsel that Enviro Tech's product and process indisputably did not infringe four of the five patents-in-suit (5,683,654; 6,015,782; 6,037,318; and 6,669,904).  At that time, Enviro Tech's counsel referred Nalco's counsel to Enviro Tech's website and to Enviro Tech's own patent for a description of the process Enviro Tech does use to make its product, and asked Nalco to dismiss its claims of infringement of the four patents.  Enviro Tech's counsel offered to have Enviro Tech verify, by a stipulation and sworn declaration or affidavit, that Enviro Tech did not previously use, is not currently using, and will not use in the future the processes covered by these four patents.  Enviro Tech's counsel further offered to have Nalco's technical personnel visit Enviro Tech's facility in California to observe Enviro Tech's process to confirm that it does not infringe the four patents.  Since then, Nalco's counsel has informed Enviro Tech's counsel that Nalco is considering dismissing these claims, and the parties are discussing what kind of verification is needed.  At this point, the claims of infringement of these four patents remain in the case.

**B.**     <u>Further Status Hearing and Alternate Dispute Resolution</u>

The parties request that the Court set a further status hearing after written discovery has been completed.

After all discovery is completed, defendant believes that the parties should consider whether alternate dispute resolution, such as mediation, would be productive.

Dated:  April 14, 2008

Respectfully submitted,

NALCO COMPANY                              ENVIRO TECH CHEMICAL SERVICES, INC.


By: /s/ Joseph H. Herron                   By: /s/ Audrey A. Millemann
        One of Its Attorneys                       One of Its Attorneys

Alan L. Unikel                             Audrey A. Millemann
Joseph H. Herron                           Weintraub Genshlea Chediak
Seyfarth Shaw LLP                          Law Corporation
131 South Dearborn Street, Suite 2400      400 Capitol Mall, 11th Floor
Chicago, IL   60603-5577                   Sacramento, CA 95814
(312) 460-5000                             916) 558-6000
Fax: (312) 460-7000                        Fax: (916) 446-1611



                                           By: /s/ Suzanne M. Wallman
                                                   One of Its Attorneys

                                           Suzanne M. Wallman
                                           McDermott Will & Emery
                                           227 West Monroe Street
                                           Chicago, IL    60606-5096
                                           (312) 372-2000
                                           Fax: (312) 984-7700

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Audrey A.  Millemann
Weintraub Genshlea Chediak
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, CA  95814

Suzanne M. Wallmann
McDermott, Will & Emery
277 West Monroe Street
Chicago, IL  60606

   s/ Joseph H. Herron
Joseph H. Herron
SEYFARTH SHAW LLP
131 South Dearborn Street,
Suite 2400
Chicago, Illinois  60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
e-mail:  jherron@seyfarth.com